IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

KENNETH WAYNE THOMPSON, III, )
)
Petitioner, )
)
vs. ) No. CIV-15-1078-W
)
JOE M. ALLBAUGH, )
)
Respondent.[1] )

## ORDER

On January 25, 2017, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Court deny the Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Kenneth Wayne Thompson, III. Thompson was advised of his right to object, see Doc. 22 at 32, and the matter now comes before the Court on Thompson's Objections to Report and Recommendation. See Doc. 23.

Thompson and his brother, Kendal Laron Richardson, were charged by information in the District Court for Oklahoma County, Oklahoma, with one count of murder in the first degree in violation of 21 O.S. § 701.7. The Honorable Kenneth C. Watson severed the two cases for trial. Richardson was acquitted; Thompson was convicted on September 13, 2012, of the lesser included offense of murder in the second degree in violation of 21 O.S. § 701.8(1). Pursuant to the jury's recommendation, Judge Watson on November 16, 2012, sentenced Thompson to a term of imprisonment of fifteen (15) years for the

---

[1]Pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, and Rule 25(d), F.R.Civ.P., Joe M. Allbaugh, Director, Oklahoma Department of Corrections, is SUBSTITUTED as the respondent in this action. See Doc. 15 at 1, n.1.

murder on March 22, 2009, of Jonathan Phillip Ingersoll (referred to as "John" in the state court proceedings).

Thompson appealed, and on July 13, 2014, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence. Thompson v. State, No. F-2012-1036 (Okla. Crim. 2014).

In the instant Petition, Thompson has asserted six grounds for relief:

Ground One: The evidence was insufficient to support a conviction for murder in the second degree because no physical evidence was presented that showed Thompson drove the vehicle from which the shot was fired that killed Ingersoll, because the identification testimony was inconsistent and unreliable and because no evidence was presented to show that he (Thompson) knew that his brother possessed a handgun or intended to use a firearm "in extreme disregard of human life[.]" Oklahoma Uniform Jury Instruction ("OUJI") No. 4-91 ("Murder in the Second Degree by Imminently Dangerous Conduct - Elements"). See Doc. 15-7 at 4.

Ground Two: Judge Watson erred when he admitted, through the testimony of William Lord, a homicide detective employed by the Oklahoma City Police Department, Richardson's statement that he (Richardson) had shot someone,[2] through "the guise of impeaching," Doc. 1 at 8, certain statements and accusations of Aleisha Banton because the admission of Richardson's statement violated due process and was overly prejudicial, rendering Thompson's trial fundamentally unfair in violation of the fourteenth amendment

---

[2]Lord testified that Richardson, in response to Banton's inquiry why he (Richardson) was exhibiting "very nervous," Trial Transcript Vol. III (September 12, 2012) at p. 584, line 14, behavior, stated "that he just shot a dude in the head but wasn't sure or certain he was dead or alive." Id. at p. 585, lines 4-5.

2

of the United States Constitution and because the admission of Richardson's statement, together with the admission of Lord's video-taped interview of Banton, violated the Confrontation Clause of the sixth amendment to the federal Constitution.

Ground Three: Thompson's trial was rendered fundamentally unfair when Judge Watson refused to grant a mistrial based on a conversation between Eric Thrower and Phillip Ingersoll, the victim's father, which, in Thompson's opinion, constituted witness tampering, see Trial Transcript Vol. III (September 12, 2012) at p. 479, lines 15-16, and based on Thrower's denial that he had smoked marijuana during a trial recess and his "wildly vacillating statements[.]" Doc. 12 at 34.[3]

---

[3]On the morning of September 11, 2012, Thrower was asked the following question, and he gave the following answer during his direct examination:

> Q. Okay. Did you ever see the person driving the car?
> A. No.

Trial Transcript Vol. II (September 11, 2012) at p. 267, lines 17-19. Thrower was expected to retake the witness stand after the lunch recess. His examination, however, was continued to September 12, 2012, to allow him "to sober up[.]" Trial Transcript Vol. III at p. 479, line 25.
On redirect examination that next day, Thrower was asked the following questions, and he gave the following answers:

> Q. [A]t preliminary hearing did you say that you could identify the driver . . . ?
> A. Yes.
> Q. And who did you say the driver of that vehicle was?
> A. Kenneth Thompson.

Id. at p. 502, line 23 to p. 503, line 4.

> Q. And is that also your position today that Kenneth Thompson was the driver . . . ?
> A. Yes.

Id. at p. 504, lines 9-11.

Ground Four: Judge Watson denied Thompson a fair trial when he failed to properly instruct the jury regarding aiding and abetting by omitting OUJI No. 2-5 ("Aiding and Abetting – Introduction") and OUJI No. 2-9 ("Aiding and Abetting – Definition – Criminal Intent").

Ground Five: Thompson was denied effective assistance of counsel because his attorney failed

(1) to insist that Judge Watson include OUJI No. 2-5 and OUJI No. 2-9 in his instructions to the jury regarding aiding and abetting;

(2) to investigate and/or secure the attendance at trial and present the testimony of Richardson, Angela Tetteh, Thompson's then-girl friend, Dwonne Wilburn (also identified as "Dejuan Wilburn") and Ricky Sneed;

(3) to discover the extent of the relationship between Phillip Ingersoll and Thrower and to impeach Thrower's credibility; and

(4) to seek Judge Watson's recusal because he was acquainted with Phillip Ingersoll.

Ground Six: The trial errors, "when viewed cumulatively," Doc. 12 at 48, denied Thompson certain constitutional rights.

In determining whether any of the foregoing grounds have merit, the Court has reviewed the state court records, including the trial transcript and the OCCA's adjudication of Thompson's claims on direct appeal, and the parties' pleadings and papers[4] de novo

---

[4]To the extent applicable, if any, the Court has examined the transcript of Richardson's trial, to which Thompson cited in his brief filed in support of his Petition. See, e.g., Doc. 12 at 15, 25.

in light of the applicable case and statutory[5] law. After doing so, the Court finds that Magistrate Judge Erwin has accurately recounted the procedural history of this case, the trial proceedings and the facts that give rise to Thompson's conviction and sentence and that he has set forth the relevant law; no purpose is served in restating the same in the instant Order. The Court concurs with Magistrate Judge Erwin's determination that Thompson is not entitled to federal habeas relief on any of the grounds in his Petition. Thompson has advanced no argument or authority in his objection that warrants a different result.

Accordingly, the Court

(1) ADOPTS the thorough and well-reasoned Report and Recommendation [Doc. 22] filed on January 25, 2017;

(2) DENIES Thompson's Petition [Doc. 1] filed on September 9, 2015; and

(3) ORDERS that judgment issue forthwith in favor of respondent Joe M. Allbaugh, Director, Oklahoma Department of Corrections.

ENTERED this 24th day of April, 2017.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[5]As Magistrate Judge Erwin stated, to the extent Thompson' grounds for relief were presented to, and denied on their merits by, the OCCA, the Court may only grant habeas relief if the OCCA's adjudication of those grounds "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).